4:54p

Rec 0167191

FILED
OCT 2 2007
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALLEN CORPORATION OF AMERICA, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 07-711 C |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Allen Corporation of America, Inc. ("Allen"), by its attorneys, and for its Complaint against the Defendant, the United States of America, acting by and through the U.S. Department of the Army Contracting Agency - ITEC4 ("Army" or "Agency"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to seek declaratory relief against the Defendant in an order declaring that the Army's award of a contract (the "Contract") to SNVC, L.C. ("SNVC"), pursuant to Request for Proposal No. W91QUZ-06-R-0014 ("RFP" or "Solicitation"), was contrary to applicable procurement law and regulations, and that award should be made to Allen as the offeror representing the best value to the Government. Plaintiff also seeks preliminary and permanent injunctive relief against the Defendant in an order enjoining performance of the Contract.

2. The Contract provides for Project Management Logistics Information Systems (PM LIS) with Post Deployment Software Support (PDSS) at Fort Lee, Virginia ("Ft. Lee").

3. The Army awarded the Contract to SNVC in violation of applicable procurement law and regulations. Specifically, the Army's evaluation of Allen's and SNVC's proposals was arbitrary, capricious, inconsistent with the terms of the RFP and contrary to law. The Army also failed to follow the evaluation criteria, failed to apply the evaluation criteria equally and improperly disclosed Allen's proprietary information. Consequently, Allen was substantially prejudiced.

## JURISDICTION

4. This Court has jurisdiction over this post-award bid protest pursuant to 28 U.S.C. § 1491(b).

## PARTIES

5. Plaintiff Allen is a Virginia corporation with its principal place of business at 10400 Eaton Place, Suite 450, Fairfax, VA 22030. Allen is the incumbent on the contract at Ft. Lee, which includes requirements determination, configuration management, testing, security, training, fielding support, documentation and customer assistance.

6. The Defendant is the United States of America, acting by and through the United States Department of the Army, ITEC4 Contracting Agency, which is a federal agency within the executive branch of the United States Government.

7. Allen submitted a timely proposal in response to the RFP and is otherwise eligible for award. If the requested relief is granted, Allen would be awarded the contract. Allen, therefore, has standing to pursue this action.

## FACTUAL ALLEGATIONS

### Background

8. Allen is a small business that has provided logistics solutions and designed automated logistics systems for more than 30 years. Since 1978, Allen has been providing worldwide functional support for the Standard Army Management Information Systems (STAMIS) Legacy Systems.

9. Allen was successful in performing as the incumbent contractor at Ft. Lee.

### The Solicitation

10. On June 30, 2006, the Army issued Request for Proposal No. W91QUZ-06-R-0014 ("RFP" or "Solicitation"). The RFP sought to continue existing PM LIS PDSS services at Ft. Lee.

11. The RFP provides that proposals would be evaluated using four evaluation factors listed in descending order of importance: (1) Technical Approach, (2) Management and Staffing Plan, (3) Past Performance, and (4) Price. The RFP states that "all non-price evaluation factors, when combined, are Significantly More Important than the Price Factor."

12. The RFP requires the Army to evaluate an offeror's Technical Approach according to its understanding of the objectives in the Performance Work Statement (PWS), the PM LIS PDSS, the resolution of problems associated with meeting those requirements and the likely success of its approach in providing the following tasks:

(1) functional analysis, design, development, and software maintenance and testing in accordance with government policies and procedures,

(2) the design, development, and delivery of training materials to support software/hardware changes associated with logistics systems,

(3) the development and maintenance of functional and technical documentation and end user manuals and tutorials,

(4) onsite customer support assistance and functional telephonic assistance,

(5) the development and planning of fielding strategies, performance of site surveys, data conversion and cleansing, and installation and operation of new equipment of the logistics systems being fielded

(6) a plan for transition from the previous GSA order to the new contract

13. Under the Management and Staffing Plan factor, the RFP provides that "the offeror's proposed personnel will be evaluated in terms of their relevant experience, qualifications, education, availability, and extent of commitment to performance of the Contract." In addition, the RFP states that the Government will evaluate the proposed mix of labor skill categories and the quantity of proposed labor hours to determine the offeror's understanding of the RFP's requirements.

14. For the Past Performance factor, the RFP requires the Army to evaluate each offeror's Past Performance as it relates to the Solicitation's requirements and objectives.

15. The RFP states that an award will be made "based upon the best value and made to the responsible offeror whose offer, conforming to the solicitation, will be the most advantageous to the Government, price and other factors considered."

16. The RFP also provides that an award "may be made other than the lowest priced technically acceptable proposal."

**The Evaluation and Award**

17. On August 14, 2007, Allen submitted a timely proposal in response to the RFP.

18. By letter dated August 22, 2007, the Army advised Allen that the award had been made to SNVC at $10,020,345.00 for the base period and one option year.

19. On August 27, 2007, the Army debriefed Allen. At the debriefing, the Army claimed that SNVC "is superior to Allen in the Technical Approach factor" and "has a lower price."

20. Although the RFP did not provide a value rating scale, the Army, in its debriefing, used "Outstanding," "Good" and "Fair" for rating the Technical Approach and Management factors. In addition, the Army used "Very Low Performance Risk," "Minor Performance Risk," "Moderate Performance Risk" and "Unknown Risk" for rating the Past Performance factor.

21. In the debriefing, the Army asserted that Allen's and SNVC's proposals should have the same Management and Staffing Plan rating of "Fair."

22. In the debriefing, the Army also asserted that Allen's and SNVC's proposals should have the same Past Performance rating of "Very Low Performance Risk."

23. The Army further asserted that SNVC's Technical Approach should be rated as "Outstanding" and that Allen's Technical Approach should be rated as "Good." The Army's sole basis for rating Allen's Technical Approach as "Good" rather than "Outstanding" was a purported weakness in its approach to the DOD Information Assurance Certification and Accreditation Program ("DIACAP").

24. The Army failed to properly apply the RFP's evaluation criteria in its evaluation of Allen's and SNVC's proposals.

25. Had the Army conducted a proper evaluation of the proposals in accordance with the RFP and applicable procurement law and regulations, the Contract would have been awarded to Allen as the offeror representing the best value to the Government.

## COUNT I

**The Army's Evaluation of Allen's Technical Approach Was Arbitrary, Capricious, Inconsistent with the Terms of the RFP and Contrary to Law**

26. Allen hereby realleges and incorporates by reference paragraphs 1 through 25 of this Complaint as if set forth herein.

27. Allen's Technical Approach should have been evaluated as "Outstanding" and as the highest ranked of all offerors' proposals.

28. The Army's evaluation of Allen's Technical Approach was improper because the Army failed to consider Allen's distinctive knowledge and detailed understanding of the existing systems and processes. Specifically, Allen has the technical skills and experience that are critical to successfully performing the tasks required by the RFP, including but not limited to Task 1 (Software Sustainment and Support) and Task 2 (Software Testing).

29. Allen's familiarity with the processes and on-site personnel is a significant strength in performing the required tasks, including Task 6 (Fielding Support). Not only can Allen execute a risk-free, seamless transition, but also it has the technical training and security access that provides for a cost effective transition. As a result, Allen's fielding strategies and transition plan are significant strengths that should have been included in the Army's evaluation of Allen's Technical Approach.

30. The Army's evaluation of Allen's Technical Approach was also improper because the Army failed to consider relevant information in Allen's proposal. For example, the Army failed to assess Allen's training proposal as it relates to other tasks such as fielding support and customer assistance. Moreover, the Army undervalued Allen's rating in several task categories, including customer assistance and documentation because the Army overlooked several sections in Allen's proposal.

31. The Army erroneously assessed a weakness in Allen's approach to the DIACAP as being reactive. In fact, the RFP does not provide that this discussion is required, or that addressing an interim guidance (such as the DIACAP) will be in any way considered a weakness, or disadvantageous. Rather, Allen's proposal demonstrates its forward-thinking and proactive approach in addressing a program that was beyond the minimum requirements in the RFP.

32. Had the Army conducted a proper evaluation, Allen would have received a higher score than SNVC under the Technical Approach factor.

33. The Army's evaluation of Allen's Technical Approach was arbitrary, capricious, inconsistent with the terms of the RFP and contrary to law.

## COUNT II

### The Army's Evaluation of Allen's Management and Staffing Plan Was Arbitrary, Capricious, Inconsistent with the Terms of the RFP and Contrary to Law

34. Allen hereby realleges and incorporates by reference paragraphs 1 through 33 of this Complaint as if set forth herein.

35. Under the Management and Staffing Plan factor, the RFP requires the Army to evaluate Allen's proposal in terms of its personnel's relevant experience, qualifications, education, availability, and extent of commitment to performance of the contract.

36. Allen's Management and Staffing Plan should have been evaluated as "Outstanding" and as the highest ranked of all offerors' proposals.

37. Allen has successfully performed the tasks required under the RFP. As exemplified by the Army's rating of Allen's Past Performance as having "Very Low Performance Risk," Allen's management and staff are highly trained, proficient and extremely knowledgeable in the various tasks required under the RFP.

38. These strengths in Allen's Management and Staffing Plan should have been rated as significant.

39. The Army failed to properly evaluate Allen's Management and Staffing Plan in accordance with the stated evaluation criteria.

40. The Army's realism analysis was also improper because the Army failed to consider Allen's knowledge and experience as the incumbent contractor. In determining the reasonableness of Allen's labor hours estimate, the Army did not properly take into account the efficiencies Allen has developed from having fully trained personnel and having already performed the RFP's requirements. These efficiencies would result in a significant decrease in labor hours if the contract was awarded to Allen.

41. Allen's proposed labor hours are sufficient to ensure successful performance of the work in accordance with the RFP's requirements.

42. Had the Army conducted a proper evaluation of the Management and Staffing Plans proposed by Allen and SNVC, Allen would have received the higher score.

43. The Army's evaluation of Allen's Management and Staffing Plan was arbitrary, capricious, unreasonable, inconsistent with the terms of the RFP and contrary to law.

**COUNT III**

**The Army's Evaluation of Allen's Past Performance Was Arbitrary, Capricious, Inconsistent with the Terms of the RFP and Contrary to Law**

44. Allen hereby realleges and incorporates by reference paragraphs 1 through 43 of this Complaint as if set forth herein.

45. The RFP requires the Army to evaluate each offeror's Past Performance as it relates to the Solicitation's requirements and objectives.

46. Allen's Past Performance should have been evaluated as the highest ranked of all the offerors' proposals.

47. Neither SNVC nor any of the other offerors have as much directly relevant experience as Allen - the incumbent contractor.

48. The Army rated Allen's Past Performance as having "Very Low Performance Risk" because Allen's management and staff are highly trained, proficient and extremely knowledgeable in the various tasks required under the RFP.

49. SNVC received the same score as Allen for its Past Performance.

50. Allen's Past Performance, however, is superior to SNVC's. Had the Army conducted a proper evaluation, Allen would have received a higher score than SNVC under the Past Performance factor.

51. The Army's evaluation of Allen's Past Performance was arbitrary, capricious, unreasonable, inconsistent with the terms of the RFP and contrary to law.

## COUNT IV

### The Army's Evaluation of SNVC's Technical Approach Was Arbitrary, Capricious, Inconsistent with the Terms of the RFP and Contrary to Law

52. Allen hereby realleges and incorporates by reference paragraphs 1 through 51 of this Complaint as if set forth herein.

53. SNVC's Technical Approach should not have been ranked as "Outstanding," and, in fact, is inferior to Allen's.

54. With over 30 years of relevant experience, Allen knows the superiority of its own Technical Approach as it relates to the particular requirements of the RFP.

55. Allen's skills and experience in directly relevant areas, such as managing the STAMIS systems as they evolve, maintaining benchmark test files to evaluate the systems and

implementing fixes or workarounds, are critical to performing the tasks required in the RFP. Upon information and belief, SNVC does not possess these technical elements because it has never performed this work, nor any work that presented the type of complexities which would have required the development of such solutions.

56. As the incumbent contractor, Allen has no material transitioning to do, as it was already on site and in place.

57. By contrast, SNVC has to develop and implement a plan for replacing Allen and Allen's personnel and resources.

58. SNVC's plan of transition is a large and high-risk effort that should have been evaluated as a significant weakness in its Technical Approach.

59. Unlike Allen, SNVC was not proactive in discussing its approach to DIACAP.

60. These weaknesses in SNVC's Technical Approach demonstrate that SNVC should have received a lower score.

61. Under the evaluation criteria, SNVC's Technical Approach was inferior to that reflected in Allen's proposal, and therefore SNVC's Technical Approach should have been ranked lower than Allen's Technical Approach.

62. The Army's evaluation of SNVC's Technical Approach was arbitrary, capricious, inconsistent with the terms of the RFP and contrary to law.

## COUNT V

### The Army's Evaluation of SNVC's Management and Staffing Plan Was Arbitrary, Capricious, Inconsistent with the Terms of the RFP and Contrary to Law

63. Allen hereby realleges and incorporates by reference paragraphs 1 through 62 of this Complaint as if set forth herein.

64. The RFP requires that the Army evaluate SNVC's Management and Staffing Plan in terms of SNVC's relevant experience, qualifications, education, availability, and extent of commitment to performance of the Contract.

65. SNVC's Management and Staffing Plan should have been ranked lower than Allen's proposal.

66. Upon information and belief, SNVC does not have the practical experience or efficiencies that Allen has developed as the incumbent contractor. SNVC's proposed labor hours would not be sufficient to successfully perform the required work.

67. The Army failed to distinguish between the Management and Staffing Plans proposed by Allen and SNVC.

68. Had the Army properly scored the Management and Staffing Plan factor in accordance with the evaluation criteria, the Army would have identified several weaknesses in SNVC's Management and Staffing Plan and rated SNVC's proposal lower than Allen's.

69. The Army's evaluation of SNVC's Management and Staffing Plan was arbitrary, capricious, unreasonable, inconsistent with the terms of the RFP and contrary to law.

## COUNT VI

### The Army's Evaluation of SNVC's Past Performance Was Arbitrary, Capricious, Inconsistent with the Terms of the RFP and Contrary to Law

70. Allen hereby realleges and incorporates by reference paragraphs 1 through 69 of this Complaint as if set forth herein.

71. The RFP's evaluation criteria required the Army to evaluate Past Performance as it relates to the Solicitation's requirements and objectives. As part of this assessment, the Army must determine the probability that the offeror will successfully accomplish the required effort.

72. SNVC's Past Performance should not have been ranked as "Very Low Performance Risk," and, in fact, is inferior to Allen's.

73. Here, Allen had by far the most relevant experience - the experience on the incumbent contract.

74. By contrast, upon information and belief, SNVC has no prior involvement with Ft. Lee or its personnel.

75. Upon information and belief, SNVC does not have comparable practical experience in retail logistics systems or in supporting a system throughout its entire life cycle.

76. Despite this substantial disparity in past performance, the Army improperly deflated Allen's Past Performance score and inflated SNVC's such that both offerors were allegedly rated the same Past Performance score of "Very Low Performance Risk."

77. Had the Army properly scored the Past Performance factor in accordance with the evaluation criteria, the Army would have awarded Allen a higher rating than SNVC.

78. The Army's evaluation of SNVC's Past Performance was arbitrary, capricious, inconsistent with the terms of the RFP and contrary to law.

**COUNT VII**

**The Army Failed to Follow the RFP's Evaluation Criteria**

79. Allen hereby realleges and incorporates by reference paragraphs 1 through 78 of this Complaint as if set forth herein.

80. Under the RFP's evaluation criteria, Allen's proposal should have been ranked higher than all of the other offerors.

81. The Army is required to look for differences in the offerors' proposals and give higher scores to those proposals that are superior in meeting the RFP's requirements.

82. The Army failed to give Allen sufficient credit for its superior proposal.

83. The Army also failed to downgrade SNVC for the weaknesses in its Technical Approach, Management and Staffing Plan and Past Performance.

84. By failing to follow the evaluation criteria as stated in the RFP, the Army violated its obligations to the offerors.

85. The Army's failure to follow the evaluation criteria was arbitrary, capricious, inconsistent with the terms of the RFP and contrary to law.

## COUNT VIII

## The Army Failed to Treat Offerors Equally

86. Allen hereby realleges and incorporates by reference paragraphs 1 through 85 of this Complaint as if set forth herein.

87. The Army has an obligation to treat the offerors equally.

88. Allen's proposal should have received a higher score than all of the other offerors under each evaluation factor.

89. The Army failed to recognize the superiority of Allen's proposal as compared to the other offerors, including SNVC.

90. The Army also failed to recognize the qualitative distinctions in Allen's and SNVC's proposals.

91. The Army failed to apply the evaluation criteria equally giving scores that were too high to SNVC and scores that were too low to Allen. The Army failed to discharge its duty to apply the same evaluation standard to all offerors.

92. The Army also imposed requirements on Allen that were not imposed on the other offerors.

93. These additional requirements adversely affected Allen by raising its proposed price.

94. Allen has been directly harmed by the Army's unequal treatment of offerors. Had the Army treated the offerors in an equal manner, it would have awarded the contract to Allen.

95. The Army's failure to treat offerors equally was arbitrary, capricious, inconsistent with the terms of the RFP and contrary to law.

## COUNT IX

### The Army Improperly Disclosed Allen's Proprietary Information

96. Allen hereby realleges and incorporates by reference paragraphs 1 through 95 of this Complaint as if set forth herein.

97. During the early stages of the procurement, Allen expressed to the Army that various aspects of the current contract, including but not limited to Allen's Technical Approach, quality control plan, description and distribution of labor categories and cost and pricing data were proprietary information.

98. Allen did not authorize the Army to release its proprietary information.

99. During the procurement, the Army did not inform Allen that its proprietary information was disclosed to the other offerors.

100. At the debriefing, it became apparent that Allen's proprietary information had been improperly disclosed to the other offerors, including SNVC.

101. The other offerors' possession of Allen's proprietary information concerning several of the RFP's stated evaluation factors (including the Technical Approach) created an unfair competitive advantage. Specifically, the Technical Approaches of the other offerors, including that of SNVC, were evaluated higher than they would have been absent the Army's

improper disclosure. Moreover, the Army's improper disclosure caused the evaluators not to view Allen's proposal as unique because the other offerors were able to copy the identical or similar Technical Approaches into their proposals.

102. This improper disclosure resulted in Allen receiving a lower score for its Technical Approach and further demonstrates that the Army failed to treat the offerors equally.

103. The Army's improper disclosure of Allen's proprietary information was inconsistent with the terms of the RFP and contrary to law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Allen respectfully requests that this Court enter judgment in its favor, and grant the following relief:

(1) a preliminary injunction enjoining Defendant from permitting SNVC to begin or continue performance under the Contract;

(2) a permanent injunction enjoining Defendant from permitting SNVC to begin or continue performance under the Contract, and ordering Defendant to terminate the Contract awarded to SNVC under the RFP;

(3) a declaration that the Contract was awarded contrary to applicable procurement laws and regulation;

(4) an order that the Army reevaluate the proposals received under the RFP and make award to Allen as the offeror representing the best value to the Government;

(5) an award to Allen of its reasonable costs and attorneys' fees incurred in the prosecution of this action, in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412 or as otherwise allowed by law; and

(6) such other and further relief as the Court may deem just and proper.

Dated: October 2nd, 2007

Respectfully submitted,

Ronald K. Henry
KAYE SCHOLER, LLP
901 15th Street, NW

Suite 1100
Washington, DC 20005
Phone: (202) 682-3500
Fax: (202) 682-3580
rhenry@kayescholer.com

*Attorney for Plaintiff Allen Corporation of America, Inc.*

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALLEN CORPORATION OF AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. ____________ |

**VERIFICATION**

In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 1 day of October, 2007.

Henry F. Ludwig
Senior Vice President, Logistics Services Division
Allen Corporation of America, Inc.